**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Phil Vasey and Pamela Vasey, Appellants,

v.

Colton Builders, LLC and Collinswood Cabinetry, LLC, Defendants,

Of whom Colton Builders, LLC is the Respondent.

Appellate Case No. 2013-002633

―――――――――――

Appeal From York County
John C. Hayes, III, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2016-UP-305
Submitted March 1, 2016 – Filed June 22, 2016

―――――――――――

**AFFIRMED**

―――――――――――

Phil Vasey and Pamela Vasey, both of Rock Hill, pro se.

F. Craig Wilkerson, Jr., of F. Craig Wilkerson, Jr., LLC, of Rock Hill, for Respondent.

―――――――――――

**PER CURIAM:** Phil and Pamela Vasey appeal the circuit court's order confirming an arbitration award in favor of Colton Builders (Colton) arguing there

was no valid arbitration agreement and the award was procured by fraudulent or undue means.  The Vaseys contend the fact Colton had been administratively dissolved by the Secretary of State voided the arbitration consent order entered into by the parties, and Colton's failure to inform the Vaseys of the administrative dissolution constituted fraud or other undue means in the procurement of the award.  Because we find the consent order valid, and there is no evidence that Colton procured the arbitration award by fraud or other undue means, especially in light of the undisputed fact Colton was unaware of the administrative dissolution and has since been reinstated, we affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:  S.C. Code Ann. § 15-48-130(a)(1), (5) (2005) ("Upon application of a party, [a] court shall vacate an [arbitration] award where: [t]he award was procured by corruption, fraud or other undue means;" or "[t]here was no arbitration agreement and the issue was not adversely determined in proceedings [to compel or stay arbitration] and the party did not participate in the arbitration hearing without raising the objection.");  *Towles v. United HealthCare Corp.*, 338 S.C. 29, 37, 524 S.E.2d 839, 844 (Ct. App. 1999) ("There is a strong presumption in favor of the validity of arbitration agreements because of the strong policy favoring arbitration."); S.C. Code Ann. § 15-48-10(a) (2005) ("A written agreement to submit any existing controversy to arbitration . . . is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract."); S.C. Code Ann. § 33-14-210(d) (2006) ("A corporation dissolved administratively continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs under Section 33-14-105 [of the South Carolina Code (2006)]."); S.C. Code Ann. § 33-14-105(c)(6) (2006) ("Dissolution of a corporation does not . . . abate or suspend a proceeding pending by or against the corporation on the effective date of dissolution. . . ."); S.C. Code Ann § 33-14-220(c) (2006) ("When the reinstatement [of an administratively dissolved corporation] is effective, it relates back to and takes effect as of the effective date of the administrative dissolution and the corporation resumes carrying on its business as if the administrative dissolution had never occurred.").

**AFFIRMED.**

**HUFF, SHORT, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.